**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TRAVIS CONISH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-2178-D |
| | ) | ECF |
| DALLAS COUNTY POLICE, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS:**

This is an unspecified civil action brought by a *pro se* litigant. Defendant is the Dallas County Police Department. The Court has not issued process, pending preliminary screening.

On December 28, 2007, Plaintiff filed a four line complaint alleging inhumane treatment, illegal transport and medical malpractice. He sought monetary relief.

On January 9, 2008, the Court issued a notice of deficiency to Plaintiff notifying him that the complaint failed to comply with Rule 8(a), Federal Rules of Civil Procedure. The order directed Plaintiff to cure the deficiency within thirty days or the Court would recommend that the complaint be dismissed for failure to prosecute. Plaintiff did not respond to the Court's order. On February 27, 2008, the Court entered findings, conclusions and a recommendation that the complaint be dismissed.

On March 6, 2008, Plaintiff filed correspondence which appeared to provide additional

information regarding his claims. On March 17, 2008, the District Court re-referred this action.

On September 3, 2008, the Court issued a Magistrate Judge's Questionnaire seeking further information regarding Plaintiff's claims. On September 11, 2008, the Questionnaire was returned to the Court with a notation that the post office box address Plaintiff provided to the Court was closed, and no forwarding address was available.

**Discussion:** Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Plaintiff has failed to provide the Court with a current address. The Court is therefore unable to contact Plaintiff. Accordingly, his complaint should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**RECOMMENDATION:**

The Court recommends that the complaint be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Signed this 7th day of October, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings, Conclusions, and Recommendation
of the United States Magistrate Judge**      Page -3-